UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FARON R. HAWKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN VALLEY, CENTURION MEDICAL CORP., CENTURION STAFF (JOHN JANE DOES), DENTIST UNKNOWN, DIRECTOR OF PRISONS JOSH TEWALT, and BOARD OF CORRECTIONS DAVID McCLUSKY (official capacity, individual capacity),<br><br>        Defendants. | Case No. 1:25-cv-00246-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Faron Hawkins, a prisoner with three strikes under 28 U.S.C. § 1915(g), has filed a civil rights complaint against prison officials for failure to provide constitutionally-adequate dental care. The Court now reviews the Complaint and accompanying motions.

## MOTION TO DISQUALIFY JUDGE

A motion for disqualification of the presiding judge in a case must show bias or prejudice. *See* 28 U.S.C. §§ 144, 455. In particular, the party seeking disqualification must file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

§ 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists" and must be made in good faith. *Id*.

Plaintiff asserts that, on March 25, 2022 during a 6:00 a.m. podcast on KIDO radio, 580 AM, host Kevin Miller said, "Judge B. Lynn Winmill does not like Faron Hawkins." Dkt. 7-1 at 1. Plaintiff alleges he then called Miller, and Miller "confirmed that he had been contacted by Windmill [sic] and was told very clearly Windmill hates Faron Hawkins." *Id*.

Plaintiff's affidavit is based on hearsay, which is not permissible. Plaintiff has provided supporting no evidence to corroborate his allegations. Therefore, it is insufficient.

This Court takes great care to avoid having discussions about federal cases and litigants with anyone but court staff, in accordance with the canons governing judicial conduct. The Court has never spoken to Kevin Miller or a radio station on any topic, and has certainly never expressed any hostility or animus against the Plaintiff. Indeed, when I began  reviewing this motion, I had absolutely no memory of who Plaintiff was or what he had complained of in the past. The Court finds the motion frivolous and will deny the Motion for Disqualification.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

## THREE STRIKES STATUS

Plaintiff had at least three federal civil actions dismissed for failure to state a claim or frivolousness before filing the present action.[1] As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g). Therefore, Plaintiff cannot proceed in a civil rights action unless he pays the full filing fee. The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $405 filing fee at the time of filing.

## REVIEW OF COMPLAINT

### 1. Standard of Law for Screening

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

---

[1] *See* Case Nos. 1:08-cv-00006-EJL, 1:08-000007-EJL, and 1:08-cv-00008-EJL.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness (including untimeliness) maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 2. Eighth Amendment Dental Care Claim

Plaintiff asserts that he has been seeking dental care from prison officials since April 6, 2025, but has been denied care for broken teeth, blood, pain, and limited food intake. He asserts: "Centurion staff female with Sgt Smyth told me they are intentionally depriving me from seeing dentist." Dkt. 3 at 2. In his Motion for Preliminary Injunction, he adds that Smyth said that the denial of medical and dental care was due to Plaintiff's failure to submit to a mandatory TB test. Dkt. 5 at 2.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

of serious harm," as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the medical need must be "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citation and punctuation omitted); *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Plaintiff's claim that he was not provided with timely dental care, despite multiple requests for treatment, states an Eighth Amendment claim for prospective injunctive relief. However, he cannot proceed in forma pauperis unless he is in imminent danger of serious physical harm.

Plaintiff also asserts a variety of legal causes of action in the Complaint that are not clearly attached to any facts: "42 U.S.C. 1983, 1985, 1986, 1988, 2000, 8th Amendment medical cruel and unusual, 1st amend retaliation, RLUIPA, ADA 42 USC 12131 & 12102 & 12112." Dkt. 3 at 2.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Plaintiff devotes a few paragraphs in his Complaint to vague assertions that he was denied medical care for various conditions between 2008 and 2025. Dkt. 3 at 3-4. It is impossible to tell which of these claims are timely. The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is two years. The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996).

Similarly, in the section of the Complaint reserved for injuries and damages, he vaguely asserts he has suffered "brain scaring [sic], seizures, … loss of eyesight, hearing, serious risk of [illegible] hematoma, death by seizures." *Id*. In addition, Plaintiff has included some religious issues in his preliminary injunction motion, but this is not a permissible way to plead causes of action; factual  allegations must be contained in the complaint.[2] *Cf.* Dkt. 3 with Dkt. 5.

The only clear and timely factual allegations in the Complaint support a § 1983 Eighth Amendment lack of dental care claim.

### 3.  Non-conforming Complaint Exhibits

General Order 342, which applies to all non-habeas pro se prisoner filings in the District of Idaho, prohibits a plaintiff from filing exhibits with a complaint except those

---

[2] When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology v. Queen's Medical Center*, 810 F.3d 631, 633 (2015). Importantly, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

related to exhaustion issues. None of Plaintiff's exhibits is related to exhaustion.

Therefore, the exhibits at Docket 3-1 will be stricken from the record.

### 5. Plaintiff's Request for Counsel

Unlike criminal defendants, prisoners and indigents in civil actions have no

constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of*

*Social Services*, 452 U.S. 18, 25 (1981). Whether to appoint counsel for indigent litigants

is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir.

1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff requests appointment of counsel under a *Schmitz v. Asman*, No. 2:20-CV-

00195-DJC-CKD (PS), 2024 WL 3467059, at *2 (E.D. Cal. July 19, 2024), *report and*

*recommendation adopted*, No. 2:20-CV-00195-DJC-CKD (PS), 2024 WL 4495284 (E.D.

Cal. Oct. 15, 2024) (holding that if the guardian ad litem who is the representative of the

incompetent person is not himself an attorney, he must be represented by an attorney in

order to conduct the litigation). In *Schmitz*, the court noted that the procedure for

determining competency is set by federal law, but state law governs competency

standards. *See* Fed. R. Civ. P. 17(b)(1); *In re County of Orange*, 784 F.3d 520, 523-24

(9th Cir. 2015).

Plaintiff attaches state criminal case exhibits to his Complaint to show he is

incompetent, but the final decision of the Idaho Supreme Court was contrary to such a

showing. A competency evaluation was ordered after appeal. A retroactive competency

evaluation was performed after that ruling, and the evaluator found that Plaintiff had been

competent to proceed to trial. The Idaho Supreme Court ruled that a retroactive competency evaluation was permissible, that there was sufficient evidence in the record to show Plaintiff was competent to stand trial, and that the state trial court did not commit fundamental error in permitting defendant to represent himself in the retroactive competency hearing. *State v. Hawkins*, 159 Idaho 507, 363 P.3d 348 (2015). Nothing in the record shows he is not now competent to prosecute his own civil rights action.

To date, Plaintiff has articulated his claims sufficiently. The Court will presently deny the motion for appointment of counsel without prejudice. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* Federal district courts have no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should attempt to find his own counsel on a contingency or other basis, if at all possible.

### 6.  Request for Preliminary Injunction

Issuance of a temporary restraining order or preliminary injunction is appropriate where a plaintiff can show that (1) there are "serious questions going to the merits," (2) there is "a balance of hardships that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "the injunction is in the public interest."

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A request can be granted only if "the facts and law clearly favor the moving party." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Plaintiff asserts that Defendants have failed to provide him with dental treatment for severe dental problems. He asserts this interferes with his ability to eat. These claims for temporary relief arise from the same claims for permanent relief in his Complaint. However, as noted above, there are many new factual allegations and claims in his motion that do not arise from any claim in the Complaint. Therefore, these additional claims cannot be adjudicated in the context of a request for temporary or preliminary injunctive relief.

### 7. Case Management Plan

### A. Dental Issues

Because Plaintiff cannot proceed on his Complaint without prepayment of the filing fee as a result of his three strikes status, he must show he is in imminent danger of serious bodily harm from lack of dental care. In June 2025, Plaintiff asserted that he was not receiving any dental care. In support of his preliminary injunction request, Plaintiff will be required to file copies of all concern, grievance, and grievance appeal forms showing he sought and was denied dental care.[3] He will also be required to provide an update on whether he has received dental care to date. The Court will request that

---

[3] Prisoner plaintiffs are not required to plead facts showing exhaustion or submit documents showing they have exhausted their administrative remedies with their Complaint because exhaustion is not a pleading requirement. *Jones v. Bock,* 549 U.S. 199 (2007).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

Defendant provide a short Martinez report and Plaintiff's dental records and to briefly address the dental claim in the preliminary injunction motion, providing evidence to show whether he currently is experiencing a dental emergency.

### B.  Seizures, OCD, Eyesight, and Hearing Issues

Plaintiff has not provided facts in his Complaint supporting his requests for relief related to seizures, OCD, eyesight, hearing problems, or other medical conditions. These issues are unrelated to dental care. He must bring these claims in a separate lawsuit, and must bring only claims that are within the statute of limitations period. He must not file any exhibits with his new complaint unless he desires to file documents showing exhaustion of administrative remedies as to seizure, eyesight, and hearing issues.

### C.  Claims Other than Eighth Amendment Claims

Plaintiff's dental claims state actionable § 1983 Eighth Amendment claims, and he has alleged imminent harm to attempt to overcome the three strikes hurdle to in forma pauperis status. The Court will determine whether his allegations are sufficient after it reviews the Martinez report and Petitioner's response.

Plaintiff's other Eighth Amendment claims and his claims resting on the legal bases of 42 U.S.C. §§ 1985, 1986, 1988, 2000, retaliation in violation of the First Amendment, RLUIPA, and the ADA do not state imminent harm claims. Therefore, he must bring each different type of claim or set of similar claims in separate lawsuit and pay the filing fee or show imminent harm for them. The law is clear that unrelated claims involving different defendants must be brought in separate lawsuits. *See George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007). "This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g)." *Garcia v. Baldwin*, No. 119CV00184DADSABPC, 2020 WL 9461118, at *5 (E.D. Cal. Sept. 16, 2020).

Further, imminent harm as to dental issues cannot be expanded to cover other types of unrelated claims. for the imminent danger exception to apply, the complaint must show a nexus between the imminent danger alleged and a cause of action it asserts. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *White v. Montgomery*, Case No. 318CV00877CABPCL, 2018 WL 3007956, at *2 (S.D. Cal. June 15, 2018) (holding that imminent danger exception did not apply where the complaint did not establish a nexus between the plaintiff's alleged medical condition and the legal mail claims that were the causes of action brought in the complaint); *cf. Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (recognizing that the imminent danger alleged must be sufficiently related to a cause of action in the complaint for the imminent danger exception to apply).

### D. <u>Proper Defendants</u>

At this time, Plaintiff may proceed to the next stage of litigation (Martinez report and response) against Defendant Warden Valley in his official capacity only, because as warden he can enforce any orders for injunctive relief at the prison. Plaintiff has not

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

clearly identified and named any Defendant who refused to provide dental care; therefore, he cannot proceed on any individual or personal capacity claims.

Plaintiff cannot proceed against supervisory officials who had no participation in his dental care. The theory of liability against "respondeat superior defendants—that a person is liable merely for being the supervisor of a tortfeasor—does not apply to federal civil rights claims. Rather, a person may be held liable as a supervisor under § 1983 if (1) he or she had "personal involvement in the constitutional deprivation," or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" exists. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (punctuation altered and citation omitted). *See* also *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Starr,* 652 F.3d at 1207-08 (punctuation altered and citation omitted).

## ORDER

**IT IS ORDERED:**

    1. The Motion for Disqualification of Judge (Dkt. 7) is DENIED.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

2.  Plaintiff's in Forma Pauperis Application (Dkt. 1) is MOOT, pending a Court ruling that he is in imminent danger of serious bodily harm for non-provision of dental care.

3.  Plaintiff's exhibits to the Complaint (Dkt. 3-1) are STRICKEN.

4.  The Clerk of Court shall serve, via the ECF system, a copy of this Order, Plaintiff's Complaint, the Motion for Preliminary Injunction, and Affidavit (Dkts. 3, 5, 8) on the following counsel on behalf of Warden Valley: Mary Karin Magnelli, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

5.  The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

6.  Counsel for Defendants are requested to make a limited appearance for the purpose of providing a Martinez report, which is to include a brief response to the preliminary injunction request, and any other relevant records—all limited to the issue of dental care within the statute of limitations period. The Martinez report should be filed within **60 days** after entry of this Order.

7.  The Martinez report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

8.  Plaintiff shall file nothing further except for a short update on his dental care; any relevant concern forms, grievances, and grievance appeals related to dental care; and a response (limited to dental claims) of no more than ten pages to Defendants' Martinez report within **14 days** after receiving the report.

DATED: September 6, 2025

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14