UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FARON R. HAWKINS,<br><br>           Plaintiff,<br><br>    v.<br><br>WARDEN VALLEY, CENTURION MEDICAL CORP., CENTURION STAFF (JOHN JANE DOES), DENTIST UNKNOWN, DIRECTOR OF PRISONS JOSH TEWALT, and BOARD OF CORRECTIONS DAVID McCLUSKY (official capacity, individual capacity),<br><br>           Defendants. | Case No. 1:25-cv-00246-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

Plaintiff Faron Hawkins, an Idaho Department of Correction (IDOC) prisoner with three strikes under 28 U.S.C. § 1915(g), filed a civil rights complaint against prison officials for failure to provide constitutionally-adequate dental care. The Court now reviews Defendants' Martinez Report, exhibits, Plaintiff's responsive filings, and his Amended Complaint to determine whether the totality of the evidence and the pleadings on record show that Plaintiff was and is "under imminent danger of serious physical injury." *Id*. If that is not the case, he must pay the $405 filing fee to proceed.

**SUCCESSIVE REVIEW ORDER - 1**

### REVIEW OF MARTINEZ REPORT, RESPONSE, AND RECORD
### FOR IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

On May 7, 2025, Plaintiff asserted that he had been seeking dental care from prison officials since April 6, 2025, but had been denied care for broken teeth, blood, pain, and limited food intake due to dental issues. He asserts: "Centurion staff female with Sgt Smyth told me they are intentionally depriving me from seeing dentist." Dkt. 3 at 2. In his Motion for Preliminary Injunction, he adds that Smyth said that the denial of medical and dental care was due to Plaintiff's failure to submit to a mandatory TB (tuberculosis) test. Dkt. 5 at 2. In June 2025, Plaintiff asserted that he was not receiving any dental care (*see* preliminary injunction request).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the medical need must be "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citation and punctuation omitted); *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

**SUCCESSIVE REVIEW ORDER - 2**

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

The Court requested that Defendant provide a short Martinez report and Plaintiff's dental records and to provide evidence to show the history of Plaintiff's dental complaints and whether he currently is experiencing a dental emergency.

Defendants provided the following information about prison dental care scheduling:

> When a resident wants or needs to see a dentist, he submits a Health Service Request (HSR). See Ex. A - SOP 401. IDOC does not have a dentist on-site at every facility every day. A dentist is at the Idaho Maximum Security Institute (IMSI) for approximately sixteen (16) hours each week over the course of two (2) days. See Declaration of Megan Austin, ¶ 6.

The record reflects a dispute about whether Plaintiff refused to attend various dental appointments set for him between April 2025 and November 2025, s*ee* Dkt. 17 at 3-4; or correctional officers would not take him to the appointments, Dkt. 17-3 at 16; or Nursing Director Terissa Peterson consistently lied about putting Plaintiff on the dental schedule, when she actually did not, Dkt. 12-1 at 4. Defendants assert that Plaintiff often refuses to attend scheduled dental appointments for various reasons and refuses to sign

**SUCCESSIVE REVIEW ORDER - 3**

"refusal of medical care" forms, and so they document his alleged refusal on the forms themselves. *See* Dkt. 17 at 3-4 and exhibits.

Plaintiff's medical records show that, on April 29, 2025, he was in quarantine for declining to submit to a tuberculosis test, and Peterson explained that she would like him to see the dentist, but he needed to cooperate with the testing first. Dkt. 17-3 at 18.  In May 2025, one of the missed dental appointments resulted from Plaintiff still not submitting to a tuberculosis test, but, later, prison officials determined that, by using masks and taking other precautions, they could take him to his dental appointments. Dkts. 12-1 at 3, 17-3 at 18-19. Other appointments have been missed because Plaintiff allegedly informed staff that he had spent $20,000 on a retainer for an attorney to file a civil lawsuit and that he would not do anything without speaking to his attorney. *See* Dkt. 17-3 at 18-19 (nurse chart note of November 5, 2025).

Setting aside the parties' dispute about whether Plaintiff did or did not refuse to attend dental appointments, the Court has reviewed the record and concludes that medical personnel consistently visited Plaintiff at his cell, usually within 24 hours, to respond to his dental concerns; Plaintiff was provided with pain medication while he waited to see the dentist; and Plaintiff did see the dentist and had his bothersome tooth extracted. *See* Dkt. 17 and exhibits.

Plaintiff does not disagree that he had a dental appointment set for May 2025, in response to his April 2025 dental concerns. That medical personnel told Plaintiff the tuberculosis issue was a necessary prerequisite to the dental appointment was within their

**SUCCESSIVE REVIEW ORDER - 4**

scope of medical expertise to decide, as it is an issue that can affect the health of the entire inmate population.

Plaintiff's submissions show that on June 16, 2025, a prison nurse prescribed 30 days of 325 mg Tylenol to help with his dental pain. Dkt. 12-1 at 4. His medical records show he was seen by a nurse for his dental concerns on August 25, 2025; "seen cell side [on August 26, 2025], for a dental concern"; and given a pain medication refill on August 27, 2025. Dkt. 17-3 at 23-25.

The record reflects that Plaintiff had his tooth x-rayed and extracted by the prison dentist, Dr. Joshua Crank on September 23, 2025. Dkt. 17-3 at 26. Plaintiff was given an antibiotic prescription on the same day. *Id*.

Plaintiff submitted a September 24, 2025, Health Services Request (HSR) form stating that, on the day the tooth was extracted, the dentist told him to submit a new HSR for two other teeth, one Plaintiff described as broken and one chipped. Dkt. 17-3 at 29. In response, he saw the dentist and had 10 dental x-rays on October 27, 2025. *Id*.

Defendants report that, after the tooth extraction, Plaintiff complained that the tooth removal was not done correctly, but he has not identified how the tooth extraction was improper. Dkt. 17 at 4.

In the Initial Review Order, the Court ordered Plaintiff to take the following action:

> In support of his preliminary injunction request, Plaintiff will be required to file copies of all concern, grievance, and grievance appeal forms showing he sought and

**SUCCESSIVE REVIEW ORDER - 5**

> was denied dental care.[1] He will also be required to provide an update on whether he has received dental care to date.

Dkt. 11 at 9. Plaintiff has not submitted any current dental records or explanations to show how the tooth extraction was not performed properly. He has not submitting anything supporting an inference that he is not continuing to receive dental care. Even outside prison, it is very difficult to schedule a dentist appointment quickly, and persons living outside the prison do not have the benefit of having nurses visit their home to check on their condition while they wait to see a dentist.

The record before the Court does not show that Plaintiff was or is in imminent danger of serious bodily harm from the manner in which his dental complaints have been addressed. He filed his Complaint in April. He was scheduled to see the dentist in May, but could not attend as a result of declining a tuberculosis test.  He was given pain medication in June and August. His bothersome tooth was extracted in September. He had additional x-rays and a dental examination in October. He was told to return—via HSR scheduling—for further complaints. The Martinez report covered the time frame through October, and Plaintiff was ordered to supplement the record with an update on his condition, which he did not do. He simply focused on April 2025 and argued about whether medical providers falsified his medical records. Dkt. 19.

---

[1]    The Court explained that the grievance forms were to be used for screening, not exhaustion, purposes. Prisoner plaintiffs are not required to plead facts showing exhaustion or submit documents showing they have exhausted their administrative remedies with their Complaint because exhaustion is not a pleading requirement. *Jones v. Bock,* 549 U.S. 199 (2007).

**SUCCESSIVE REVIEW ORDER - 6**

A difference of opinion regarding the cell side medical visits for his tooth problems, the importance of tuberculosis testing, the provision of pain medication while awaiting dental care, and the outcome of the tooth extraction, without more, does not establish an Eighth Amendment violation, *see Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016), nor does it show that Plaintiff's lay opinion about whether emergency care was required constitutes imminent danger of serious bodily harm for § 1915(g) purposes. Plaintiff may not proceed on his Complaint without paying the filing fee in full.

## REVIEW OF PLAINTIFF'S AMENDED COMPLAINT

After the Initial Review Order, Plaintiff filed an Amended Complaint, which the Court now reviews. Dkt. 12.

### 1. Addition of Presiding Judge as Defendant

Plaintiff attempts to add this Court to the list of defendants, labeling the Court's rulings on Plaintiff's claims of denial of dental care as an alleged constitutional violation. Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however

SUCCESSIVE REVIEW ORDER - 7

injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).

Here, Plaintiff complains of this Court's rulings in this action, which falls under the *Stump* rule. To the extent that Plaintiff complains this Court publicly commented during a 2022 local radio podcast about Plaintiff and his cases in a negative light, *see* Dkt. 12 at 5, the Court has already addressed that issue in the Initial Review Order denying Plaintiff's motion to recuse, Dkt. 11. Plaintiff has provided no factual support whatsoever for these allegations, and, in any event, even if that had occurred (and it did not), it would not be the basis for an actionable claim. He may not proceed against the Court.

## 2. Other Medical Issues

In the Initial Review Order, the Court informed Plaintiff that, by merely mentioning other medical ailments, such as seizures, OCD, eyesight, and hearing problems, without sufficient supporting facts, he did not meet the requirements for stating a claim. He again provides no supporting facts.

In any event, because these issues are unrelated to dental care, the Court previously informed Plaintiff that he must bring these claims in a separate lawsuit, and must bring only claims that are within the statute of limitations period. *See* Dkt. 11. In addition, in any new complaint, he must provide facts showing he meets the imminent danger of serious bodily harm standard. The Court will not entertain these vague and unrelated medical claims in this case.

**SUCCESSIVE REVIEW ORDER - 8**

The amended complaint was filed in willful disobedience to the Court's Order that medical issues must be brought in a separate complaint. The amended complaint also is procedurally improper. When a complaint adds new parties and claims, it must be a full pleading intended to replace the original complaint in full, not simply a supplement.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may not proceed in this action unless he pays the $405 filing fee within 14 days after entry of this Order. The case will be dismissed if Plaintiff does not file the fee. Plaintiff must not file anything further in this case until he pays the filing fee in full.

2. Plaintiff may not proceed on his Amended Complaint (Dkt. 12).

3. Defendants' Motion to Seal Plaintiff's Dental Records (Dkt 18) is GRANTED. In the future, Defendants' counsel can file the records under seal first and seek the Court's authorization for doing so afterwards. If the sealed document should not have been sealed, the Court will order it to be unsealed.

4. Plaintiff's Objection to Martinez Report (Dkt. 19) is OVERRULED, because the dispute over whether Plaintiff refused to attend dental appointments is immaterial to the Court's decision on the § 1915(g) issue.

**SUCCESSIVE REVIEW ORDER - 9**

5. Plaintiff's Motion for Leave to Conduct Discovery (Dkt. 19) is DENIED as MOOT. If Plaintiff pays the filing fee, the Court will issue a standard order requiring disclosures and governing discovery.

6. Plaintiff's Motion to Reopen Case (Dkt. 22) is MOOT.

DATED: April 8, 2026

B. Lynn Winmill
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER - 10